UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William Graham

    v.                                                                Civil No. 06-cv-453-JD

Bruce Cattell, Warden, New
Hampshire State Prison, et al.

**O R D E R**

Proceeding pro se, William Graham has filed this action pursuant to 42 U.S.C. § 1983 against a number of employees of the New Hampshire State Prison ("NHSP").[1] The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons explained fully in the Report and Recommendation issued simultaneously with this Order, that Graham's claim alleging excessive force proceed against defendant Valente, the claim

---

[1] Graham names the following defendants to this action: NHSP Warden Bruce Cattell, NHSP employees Todd Conner, Frank Bergmann, Kevin Valente, Jeff Sweeney, Ann McCoole, Robert MacLeod, First Name Unknown ("FNU") Howland, FNU Susca, FNU Marshall, FNU Lemay, FNU Goulette, and New Hampshire Department of Corrections Commissioner William Wrenn.

alleging a deprivation of the right to petition the government for a redress of grievances through the administrative grievance procedure be served on defendants Sweeney, Howland, Bergmann, Susca, and Conner, and the retaliation claim be served on Marshall, Lemay, Goulette, Cattell, Wrenn, and Macleod.[2]

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint (document no. 1) be served on defendants Sweeney, Howland, Bergmann, Susca, Conner, Marshall, Lemay, Goulette, Cattell, Wrenn, Macleod, and Valente. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation issued simultaneously with this Order, and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their

---

[2] In my Report and Recommendation issued this date, I recommend that all of the official capacity claims, the claim alleging denial of access to the courts, the excessive force claim against any NHSP employee other than Valente, and defendant McCoole, be dismissed from this action.

behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: January 31, 2007

cc:  William Graham, pro se